Filed 5/5/22  P. v. Wickham CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANSEL LEANDER WICKHAM,<br><br>    Defendant and Appellant. | F080934<br><br>(Super. Ct. No. CF93499723)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Jane Cardoza, Judge.

Danalynn Pritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Peña, Acting P. J., Smith, J. and De Santos, J.

**INTRODUCTION**

In a 1996 court trial, defendant Ansel Leander Wickham was convicted of multiple offenses committed against multiple victims, including robbery and murder of one of the victims. The court found true multiple enhancements, including a special circumstance allegation that the murder was committed during the commission of a robbery pursuant to Penal Code section 190.2, subdivision (a)(17). (Undesignated statutory references are to the Penal Code.)

In 2019, defendant petitioned for resentencing under Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437). The court appointed defendant counsel and the parties submitted briefing. The court initially set the matter for an evidentiary hearing, but it later granted the People's motion for reconsideration. The court then concluded the record of conviction established defendant was ineligible for relief as a matter of law. Accordingly, the court vacated and set aside its initial prima facie determination, the order to show cause, and the date for the evidentiary hearing and denied defendant's petition for resentencing. On appeal, defendant now challenges the court's denial of his petition.

We conclude the record establishes defendant is ineligible for resentencing as a matter of law. Accordingly, we affirm the trial court's order.

**FACTUAL AND PROCEDURAL HISTORY**

In a court trial, defendant was convicted of murder and robbery of one victim (§§ 187, 211, 212.5, subd. (a); counts 1 & 2), kidnapping and robbery of a second victim (§§ 209, subd. (b), 211, 212.5, subd. (a); counts 3 & 4), and robbery of a third victim (§§ 211, 212.5, subd. (b); count 5). The court found true a special circumstance allegation that the murder was committed during the commission of a robbery pursuant to section 190.2, subdivision (a)(17); firearm enhancements pursuant to section 12022, subdivision (a)(1) related to counts 1 and 2; and personal use of a firearm enhancements pursuant to section 12022.5, subdivision (a) related to counts 3, 4, and 5.

2.

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. He averred a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Sen. Bill 1437). He also stated he was convicted of first degree murder but could not now be convicted because he was not the actual killer; he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; and he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony. He also requested the appointment of counsel.

In their briefing, the People argued defendant was a major participant who acted with reckless indifference to human life; thus, he was ineligible for relief as a matter of law. They asserted the appellate court rejected defendant's challenge to the special circumstance allegation. They quoted the appellate opinion's statement that, "'[a]ppellant concedes that he was a "major participant" in the robbery of [the murder victim] but contends that there was insufficient evidence that appellant acted "with reckless indifference to human life." (Pen. Code, 190.2, subd. (d).) We disagree.'" They also argued Senate Bill 1437 was unconstitutional. In supplemental points and authorities, the People further relied upon the trial judge's factual findings, made beyond a reasonable doubt.

In a letter brief to the court, defense counsel asserted "the State alleged a special circumstance in their information, but the Information contains no allegations that [defendant] was a major participant or acted with reckless indifference. Had they proved such an allegation, it would be binding on the court in this proceeding. No such allegations were made and [the trial judge] did not make such a finding when he rendered

3.

his verdict. He simply stated that he found all the charges were proven beyond any doubt."

On December 12, 2019, the trial court held a hearing on defendant's petition during which it noted the lack of case law interpreting the language of section 1170.95. The court acknowledged section 1170.95 then expressly provided that the record of conviction could be relied upon at the evidentiary hearing.[1] However, the court noted, "[t]here's no mention of the record of conviction … in determining whether the petitioner has made a prima facie showing that he falls within the provisions of this code section." It concluded, "had the legislature wanted the Court to consider the record of conviction in determining whether the petitioner had made a prima facie showing, I think the state legislature would have so stated. It's absent." Thus, the court stated it did not believe "that for the purposes of a prima facie showing … I can rely on the record of conviction which would include all those things that we've been discussing: the appellate decision, any specific findings made by [the trial judge], the trial transcripts …." As a result, the court concluded defendant's facially sufficient petition entitled him to an evidentiary hearing to determine whether he was entitled to relief.

In January 2020, the People moved for reconsideration of the court's order in light of developing law in the area. Relying upon two appellate court opinions that issued after the court's order, *People v. Lewis* (2020) 43 Cal.App.5th 1128 and *People v. Verdugo* (2020) 44 Cal.App.5th 320, which were subsequently overruled in part on other grounds in *People v. Lewis* (2021) 11 Cal.5th 952, the People argued the trial court could and should consider defendant's record of conviction, including the appellate opinion, in evaluating whether or not a prima facie case had been made. They further argued, based on the record of conviction in this case, the court should reconsider its conclusion

---

[1]This language of the statute was subsequently revised by Senate Bill No. 775 (2021–2022 Reg. Sess.) (Senate Bill 775), which in part, eliminated the reference to the record of conviction. (See § 1170.95, subd. (d)(3).)

defendant established a prima facie case for relief and vacate its issuance of the order to show cause.

At the hearing on the motion for reconsideration, defense counsel again argued the trial judge did not find defendant was a major participant who acted with reckless indifference to human life. He argued defendant was entitled to an evidentiary hearing where the People were required to prove he was a major participant who acted with reckless indifference to human life in finding true the section 190.2, subdivision (a)(17) special circumstance. The People disagreed, arguing the trial judge necessarily found defendant was a major participant who acted with reckless indifference by finding the special circumstance allegation true. They further asserted defendant conceded he was a major participant in his appeal and the appellate court confirmed there was ample evidence he acted with reckless indifference to the murder victim's life.

In ruling on the motion, the court stated:

"These two cases, People v[.] Lewis and People v[.] Verdugo, have provided trial courts throughout the State of California with much needed guidance as a matter of first impression on what a trial court can consider in determining whether a defendant has made a prima facie showing of eligibility within the scope of … Section 1170.95. Accordingly, this Court has determined that there has been a change of law that warrants this Court to reconsider its prior order issuing an order to show cause and its order concluding that [defendant] had, in fact, shown and had made and established a prima facie showing of eligibility.

"In light of Lewis and Verdugo, this Court can and shall consider the defendant's court file and his record of conviction. Accordingly, this court vacates and sets aside its finding that the defendant established a prima facie showing for relief and also vacates the issuance of an order to show cause for an evidentiary hearing in this case."

The court then set forth the procedural history of the case. It concluded defendant's "contention that he was not a major participant in the underlying felony and that he did not act with reckless indifference to human life is refuted by the record." The court noted it considered defendant's petition, the court file, and the opinion of the court

5.

of appeal in rendering its decision. The court held, "After reviewing the defendant's record of conviction, including [the trial judge's] findings, and the court of appeal[']s unpublished opinion, this Court concludes that the defendant has failed to make a prima facie showing that he is eligible for resentencing. Thus, he's not entitled to an evidentiary hearing on this petition." Accordingly, the court denied defendant's petition. On appeal, defendant now challenges the court's denial of his petition.

## DISCUSSION

### I. Senate Bill 1437 and Senate Bill 775

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2–3.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, italics added.) The change reflects the Legislature's intent that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from

6.

a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e) which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The legislation also added section 1170.95, which provides a procedure by which defendants whose cases were final could seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.) Initially, section 1170.95 permitted those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (Stats. 2018, ch. 1015, § 4, subd. (a).)

In Senate Bill 775, effective January 1, 2022, the Legislature amended the language of section 1170.95 to expand the scope of the petitioning procedure to defendants convicted of attempted murder or manslaughter under a now prohibited theory. The legislation also clarified some of the procedural requirements in the statute.

Pursuant to amended section 1170.95, upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1170.95, subd. (b)(3).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1170.95, subd. (c).) If the petitioner has made such a showing that the petitioner is entitled to relief, the court "shall issue an order to show cause." (*Ibid.*) "If

7.

the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid*.)

Within 60 days after the order to show cause has issued, the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1170.95, subd. (d)(1).) At the hearing. the burden of proof is on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under the amended laws. (§ 1170.95, subd. (d)(3).)

The admission of evidence at the evidentiary hearing "shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) The prosecutor and petitioner may also offer new or additional evidence to meet their respective burdens. (*Ibid*.) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid*.)

## II.    Analysis

In his initial briefing, defendant argues he submitted a facially sufficient petition so the court should have issued an order to show cause and proceeded to an evidentiary hearing.[2] He analogizes his case to *People v. Drayton* (2020) 47 Cal.App.5th 965,

---

[2]In his opening brief, defendant acknowledged the California Supreme Court granted review in *People v. Lewis*, *supra*, 43 Cal.App.5th 1128, to consider whether a trial court could consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95, subdivision (c).

overruled in part by *People v. Lewis*, *supra*, 11 Cal.5th 952, to argue the court erred in denying his petition. He asserts the court improperly relied on the trial judge's comments and findings from defendant's 1996 trial along with defendant's failure on appeal to dispute that he was a major participant to find him ineligible for relief under section 1170.95. He also argues the court erred by going beyond the four corners of his petition and relying on the true finding on the felony-murder special circumstance to conclude he was ineligible for relief. He argues "neither [the court] nor the original trier of fact made the requisite factual finding that [defendant] acted with reckless indifference to human life under the law that applies today." In support, he relies on *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), both decided after defendant's conviction. The People respond the special circumstance finding rendered defendant categorically ineligible for relief. They argue *Banks* and *Clark* did not automatically invalidate defendant's robbery-murder special circumstance finding and defendant did not challenge it after *Banks* and *Clark* were decided; thus, the special circumstance finding remains valid and precludes defendant from relief. In supplemental briefing, defendant concedes the record of conviction may be considered at the prima facie stage pursuant to the California Supreme Court's decision in *People v. Lewis*, *supra*, 11 Cal.5th at p. 971. However, he argues "the record of conviction did not indisputably establish that [he] was ineligible for resentencing," assuming for purposes of his argument a true finding on a felony-murder special circumstance made prior to the decisions in *Banks* and *Clark* did not render him ineligible for resentencing as a matter of law. He also asserts Senate Bill 775 establishes a trial court cannot consider the facts from a prior appellate decision at the evidentiary hearing; thus, by the same reasoning, a court cannot use the facts in an appellate decision as a basis to deny relief at the prima facie stage. But we agree with the People; the jury's true finding on the felony-murder special circumstance enhancement rendered defendant ineligible for relief as a matter of law. Accordingly, we affirm the court's order denying defendant's petition.

9.

As defendant acknowledges in his supplemental briefing, in *People v. Lewis*, *supra*, 11 Cal.5th 952, the California Supreme Court condoned the trial court's use of the record of conviction in deciding whether a defendant has made a prima facie showing of eligibility for relief. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].) The *Lewis* court cautioned that the prima facie inquiry under section 1170.95, subdivision (c) is "limited" and a "'court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid.*)

And here, the record of conviction, specifically the true finding on the special circumstance allegation, refutes the facts stated in defendant's petition for resentencing, namely, his claim that he was not a major participant in the underlying felony and did not act with reckless indifference to human life in the commission of the crime. Put differently, section 189, as amended by Senate Bill 1437, now permits a felony-murder conviction only when specified facts relating to the defendant's individual culpability have been proved. Among such circumstances, a felony-murder conviction is permissible if the defendant was the actual killer; he, "with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree"; or he "was a major participant in the underlying felony and acted with reckless indifference to human life." (§§ 189, subd. (e); see 190.2, subds. (c), (d); see also *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419.) In other words, "[t]he language of the special circumstance tracks the language of Senate Bill 1437 and the new felony-murder statutes." (*Gutierrez-Salazar*, at p. 419.) Thus, by finding the special circumstance allegation true, the jury made the

10.

requisite findings necessary to sustain defendant's felony-murder conviction under the amended law.

In this respect, this case differs from *People v. Drayton*, *supra*, 47 Cal.App.5th 965, on which defendant relies. In *Drayton*, the defendant challenged the court's denial of his petition for resentencing, arguing the record of conviction did not render him categorically ineligible for relief. (*Id.* at pp. 981–982.) But unlike here, in *Drayton* "there had been no prior finding by a fact finder or admission by [the defendant]" that he was a major participant in the robbery who acted with reckless indifference to human life. (*Id.* at p. 981.) Thus, the court necessarily engaged in factfinding at the prima facie stage to conclude he was ineligible for relief on that basis.

In contrast to *Drayton*, here the true finding on the special circumstance allegation is necessarily a finding by a factfinder that defendant acted as a major participant in the underlying felony who acted with reckless indifference to human life during the course of the crime. Accordingly, the court did not have to engage in factfinding to conclude the record of conviction established defendant is ineligible for resentencing under section 1170.95 as a matter of law.

It is true after defendant was convicted, "*Banks* and *Clark* 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.'"" [Citation.] *Banks* identified certain factors to consider in determining whether a defendant was a major participant; *Clark* identified factors to guide the determination of whether the defendant acted with reckless indifference to human life." (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033.) And Courts of Appeal are split on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1170.95 resentencing relief as a matter of law. (See *People v. Jones* (2020) 56 Cal.App.5th 474, 478–479 [collecting cases], review granted Jan. 27, 2021, S265854.) Our Supreme Court has granted review to decide the issue.

(*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606 [2020 Cal.App.Unpub. Lexis 8505; 2020 WL 7417057].)

However, our court has previously held we find more persuasive those cases holding that a special circumstance finding precludes relief as a matter of law. (*People v. Simmons* (2021) 65 Cal.App.5th 739, 745, review granted Sept. 1, 2021, S270048; accord, *People v. Jones*, *supra*, 56 Cal.App.5th at pp. 482, 484, review granted; *People v. Nunez* (2020) 57 Cal.App.5th 78, 92, review granted Jan. 13, 2021, S265918; *People v. Allison* (2020) 55 Cal.App.5th 449, 458.) And defendant does not persuade us to depart from our previous reasoning.

*Banks* and *Clark* did not state a new rule of law. (*People v. Simmons*, *supra*, 65 Cal.App.5th at p. 749, review granted.) Rather, they relied upon the United States Supreme Court's decisions in *Enmund v. Florida* (1982) 458 U.S. 782 (*Enmund*) and *Tison v. Arizona* (1987) 481 U.S. 137 (*Tison*) to clarify principles that had long been in existence at the time those defendants were convicted. (*Ibid.*; accord, *In re Miller* (2017) 14 Cal.App.5th 960, 978; *People v. Allison*, *supra*, 55 Cal.App.5th at p. 458; *People v. Gomez*, *supra*, 52 Cal.App.5th at p. 13, fn. 5, review granted.) *Enmund* prohibited felony-murder liability for a defendant who "did not commit the homicide, was not present when the killing took place, and did not participate in a plot or scheme to murder," and explained that, to be liable for felony murder, the aider and abettor must himself "kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." (*Enmund*, *supra*, at pp. 795, 797.) *Tison* held that "major participation in the felony committed, combined with reckless indifference to human life, is sufficient to satisfy the *Enmund* culpability requirement." (*Tison*, *supra*, at p. 158.) As *Banks* noted, this language from *Tison* was later codified by the California electorate in section 190.2, subdivision (d). (*Banks*, *supra*, 61 Cal.4th at p. 800.) To the extent *Banks* and *Clark* illuminated factors a factfinder might consider in determining whether a defendant was a major contributor who acted with reckless indifference to human life, they drew those

factors from *Enmund* and *Tison.* (See *Banks*, *supra*, at pp. 801–803; *Clark*, *supra*, 63 Cal.4th at pp. 615, 618–623.) These principles existed when defendant was convicted and, absent a determination on direct appeal or in a habeas corpus proceeding that the evidence was insufficient to support the jury's finding, there is no basis to conclude defendant's jury applied different standards than those described in *Banks* and *Clark*.

Accordingly, we reject defendant's contentions.

## DISPOSITION

The court's order denying defendant's petition for resentencing is affirmed.